UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00309-MOC
3:14-cr-00229-MOC-DCK-12

| | |
|---|---|
| RAHKEEM LEE MCDONALD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1,2]

**I.     BACKGROUND**

On April 21, 2015, Petitioner Rahkeem Lee McDonald ("Petitioner") was charged in a Second Superseding Indictment with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One): two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2) (Counts Seven and Nine); and two counts of possession of a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. § 924(c) and 924(j)(1) (Counts Eight and Ten). [CR Doc. 69: Second Superseding Bill of Indictment].

On October 20, 2015, Petitioner and the Government entered into a Plea Agreement

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00309-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00229-MOC-DCK-12.

[2] Petitioner also filed two documents that he captioned as motions to supplement. The Clerk docketed these motions as part of and exhibits to Petitioner's original motion the vacate and the Court considers them as such. [See CV Doc. 1 at 13-30; CV Doc. 1-1].

pursuant to which Petitioner agreed to plead guilty to Counts One, Seven, and Nine and the Government agreed to dismiss Counts Eight and Ten. [CR Doc. 324: Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 360 months on Count One and a term of imprisonment of life on Counts Seven and Nine, to be served concurrently to the term imposed on Count One. [CR Doc. 799 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 8, 2018. [Id.]. Petitioner appealed. [CR Doc. 810]. On July 31, 2018, on the Government's motion, the Fourth Circuit dismissed the appeal as barred by the appellate waiver in Petitioner's Plea Agreement. [CR Doc. 869].

On June 24, 2021, nearly three years after Petitioner's appeal was dismissed, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner seeks relief under § 2255 on three grounds: (1) "Fifth Amendment Due Process violation; (Multiplicity) Prosecutorial Misconduct… at the time of the plea of guilty and sentencing" because "Petitioner's counsel did not inform Petitioner, that he was pleading guilty to multiple counts in the indictment, stemming from the same alleged conduct;" (2) "Fifth Amendment violation. Ie; unconstitutionally vague statute ie; Residual clause violation," where "[s]ince Petitioner's plea of guilty," the Supreme Court "has extended its prior rulings to 'conspiracy' offenses. Which the Court has held, no longer qualify as crimes of violence" and "therefore, Petitioner stands convicted of acts the law no longer makes criminal;" and (3) ineffective assistance of counsel under the Sixth Amendment because "[a]t the time of the plea, a reasonable counsel would have known that allowing Petitioner to plea to multiple counts in the indictment, stemming from the same alleged conduct [w]ould violate his rights to effective assistance of counsel."[3] [Id. at 3-5].

---

[3] Petitioner also seeks a "reduction in sentence" under the First Step Act of 2018, which Petitioner states "put an end to the 'stacking' of 924(c) counts." Petitioner asks the Court "to take into account Petitioner's efforts to rehabilitate himself" and "the need to avoid disparities in sentences." [CV Doc. 1 at 8]. This

Petitioner acknowledges that his motion to vacate was filed more than one year after his judgment of conviction became final. [CV Doc. 1 at 10]. Petitioner contends his motion to vacate is timely because his "predicate offenses no longer qualify as crimes of violence," he is "actually innocent in light of the residual clause being invalidated," excusing "the time bar." [Id. at 10]. Petitioner also references the Fourth Circuit's June 11, 2021 Order in In re Rahkeem Lee McDonald, No. 21-183, denying Petitioner's motion for authorization to file a second or successive 28 U.S.C. § 2255 because Petitioner had not previously filed a § 2255 motion in this Court. [Id. at 10]. For relief, Petitioner requests that "his VICAR [violent crimes in aid of racketeering activity], 18 U.S.C. § 924(c) counts of conviction" be vacated, for any other equitable relief the Court may order, and for appointment of counsel. [Id. at 12].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion

---

request for relief is not properly brought in this action. Moreover, Petitioner was not convicted under § 924(c), in any event. Nonetheless, the Court will deny and dismiss this claim without prejudice to Petitioner raising it in his criminal proceeding.

3

can be resolved without an evidentiary hearing based on the record and governing law. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on October 29, 2018, when the 90-day period for filing a petition for writ of certiorari expired. See <u>Clay v. United States</u>, 537 U.S. 522 (2003) (holding the limitations period begins to run when the time for seeking revie expires). Petitioner did not file the instant motion to vacate until two years and nearly eight months after his conviction became final. Petitioner, in part, appears to rely on <u>United States v.</u>

Davis, 139 S.Ct. 2319 (2019),[4] to satisfy § 2255(f). [CV Doc. 1 at 19]. Even if Davis afforded Petitioner relief, which it does not, Petitioner's motion to vacate was two years after Davis. Davis was decided on June 24, 2019 and Petitioner did not file his motion to vacate until June 24, 2021. Petitioner's motion, therefore, is untimely and barred by the AEDPA.[5] Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). The Court will, therefore, deny and dismiss Petitioner's motion to vacate and deny Petitioner's motion for appointment of counsel as moot.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice, except for Petitioner's motion for relief under the First Step Act, which is dismissed without prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that

---

[4] Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). In Davis, the Supreme Court held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S.Ct. at 2336. Petitioner, however, was not convicted under § 924(c). The Government dismissed his two § 924(c) counts pursuant to the terms of the plea agreement. Thus, Davis has no application.

[5] Even if Petitioner's motion to vacate were not time-barred, the Court would find it meritless in any event.

5

this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**, except for Petitioner's motion for relief under the First Step Act [Doc. 1], which is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Petitioner raising in his criminal proceedings.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [Doc. 1] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 11, 2021

Max O. Cogburn Jr.
United States District Judge