UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-229-MOC-12

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RAHKEEM LEE MCDONALD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Resentencing and Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 983).[1] The Government has filed a Response in opposition to the motion, and Defendant has filed a Reply. (Doc. Nos. 987, 988).

## I. BACKGROUND

In October of 2014, Defendant, a three-star general with the United Blood Nation, participated in the planning of the gang-related murders of Deborah and Douglas London and helped cover up those murders by burning a letter with their address and burying the murder weapon. (Doc. 433 ¶¶ 41–43, 52–53).

A federal grand jury charged Defendant with conspiracy to participate in racketeering activity, 18 U.S.C. § 1962(d); two counts of murder in aid of racketeering and aiding and abetting the same, 18 U.S.C. §§ 1959(a)(1), 2; and two counts of possession of a firearm in furtherance of a crime of violence resulting in death, 18 U.S.C. § 924(j). (Doc. 69 at 7–20, 30–37). Defendant pleaded guilty to participating in a RICO conspiracy and to the two counts of murder in aid of racketeering. (Doc. 324 ¶ 1).

---

[1] The motion is docketed as a motion for compassionate release, but Defendant asserts he is bringing his motion under the First Step Act.

1

This Court determined that the Sentencing Guidelines advised a sentence of between 360 months and life in prison and that Defendant was subject to life in prison or death for the murder-in-aid-of-racketeering offenses. (Doc. 433 ¶¶ 115–16, Statement of Reasons at 1). This Court sentenced Defendant to 360 months in prison for the racketeering-conspiracy offense and to life in prison for the murder offenses. (Doc. 799 at 2).

In March 2022, Defendant filed the pending motion, asserting that he is eligible for a sentence reduction under section 404 of the First Step Act.

## II. DISCUSSION

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222.

Defendant is not eligible for a sentence reduction under section 404 of the First Step Act because he was not convicted of a crack-cocaine offense and he was not sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii), which punishes defendants convicted of crack cocaine

2

offenses. Instead, he was punished under 18 U.S.C. §§ 1959 and 1962, which prohibit racketeering and murder in aid of racketeering.

Because Defendant was not convicted of an offense involving crack cocaine for which the Fair Sentencing Act altered the sentencing ranges applicable to his offense, he is not eligible for a sentence reduction under the First Step Act. His motion is therefore denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Resentencing and Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 983), is **DENIED**.

Signed: April 25, 2022

Max O. Cogburn Jr
United States District Judge